## In re CHICAGO, R. I. & P. RY. CO.

### CHESTON et al. v. IGOE.

### No. 9387.

Circuit Court of Appeals, Seventh Circuit.

June 9, 1947.

Edward W. Bourne, and Wilkie Bushby, both of New York City, Frank H. Towner, of Chicago, Ill., Walter H. Brown, Jr., of New York City, Michael Gesas, of Chicago, Ill., and Harry Kirshbaum, Sanford H. E. Freund, Alexander M. Lewis, and Edward K. Hanlon, all of New York City, for petitioners.

Thomas Dodd Healy, of Chicago, Ill., for respondent.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

PER CURIAM.

This is a petition for a writ of mandamus directing respondent to correct the entry of an order so as to comply with the mandate of this court as sent down In the Matter of Chicago, Rock Island & Pacific Railway Company, Debtor (Cheston et al. v. Chase National Bank et al.), 7 Cir., 160 F. 2d 942, in which case it was decreed that the order of the District Court refusing to confirm the plan of reorganization of the debtor be vacated and the cause be remanded to the District Court with instructions that it enter forthwith an order confirming the plan.

The plan provides for five reorganization managers to carry out the plan, each of the five to be appointed by a creditor interest

---

or group of creditor interests, subject to the ratification of the court. The mandate of this court was duly issued and filed in the District Court and petitioners, representing various groups of secured creditors of the debtor, on May 6, 1947, moved respondent as United States District Court for an order confirming the plan of reorganization pursuant to the mandate, and for an order ratifying the designations by various creditor representatives of four reorganization managers. Reconstruction Finance Corporation and the bank creditors no longer being creditors of the debtor, no appointment was made on their behalf, but it was left to the court as provided by the plan. Respondent continued the motions to May 23 and entered an order directing all committees to file statements of all securities on deposit and that the persons designated as reorganization managers file additional information with the court. These were filed.

On May 23 respondent filed an opinion and entered an order confirming the plan, subject, however, to the condition that the court should appoint three of the reorganization managers. In other words, he took the power to appoint the managers provided in the plan to be appointed by (1) the three trustees for the debtor's General Mortgage 4% Bonds, First and Refunding Mortgage 4% Bonds, and Secured 4½% Bonds, Series A, and (2) the Divisional Creditor Group, and retained the power to appoint one manager in place of (3) Reconstruction Finance Corporation and bank creditors.

Petitioners contend that in attaching the condition that the District Court shall appoint three of the managers, respondent changed and altered the plan, and violated his ministerial duty to conform to the mandate of this court.

■■■ Before discussing petitioners' contention, it is well that we dispose of respondent's claim that even if the order is erroneous, it "is reviewable only by appeal." With this view we cannot agree, since the courts have uniformly held that where a lower court has failed to comply with the mandate of the reviewing court, compliance with the mandate may be compelled by a writ of mandamus. See In re Sanford

Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Baltimore & Ohio R. R. v. United States, 279 U.S. 781, 49 S.Ct. 492, 73 L.Ed. 954; United States ex rel. Tongue & Yellowstone River Irr. Dist. v. United States District Court, 9 Cir., 272 F. 611; United States v. Howe, 2 Cir., 280 F. 815, 23 A.L.R. 531.

A reading of the opinion filed by respondent at the time he entered the order on the mandate discloses that he was of the opinion that an "inherent danger" lay in the provisions of the plan with reference to the appointment of the reorganization managers, in that the plan lodged the power of nomination of a majority of the reorganization managers in bankers and representatives of insurance companies, and in order to avoid this "unwholesome result," the respondent in his opinion said he "has determined to attach conditions to the confirmation of the Plan appropriate to the framework of the Plan * * * which will insure that a majority of the Reorganization Managers will be responsive to the public interest."

■■■ The article relating to the managers was in the plan as certified to the District Court by the Interstate Commerce Commission in its report of May 1, 1944, approved by the court in June, 1945. It was in the plan as submitted by the Commission to debtor's creditors for their acceptance or rejection and thus became an integral part of the plan. It was in the plan when we affirmed the order of the District Court approving the plan, and it was in the plan when this court directed the District Court to confirm the plan forthwith. The plan, as we have already noted, definitely fixed the manner of designating the reorganization managers, and provided for their duties, rights and responsibilities. In such a situation the court had no right to substitute a means of execution of its own, contrary to and in derogation of the provisions of the plan. In re Alton R. R., 7 Cir., 159 F.2d 200, 206.

The writ of mandamus will issue. Respondent is commanded to expunge and vacate the order of May 23, 1947, so far as it alters and changes the plan of reorganiza-

tion, by striking from the order the phrase "subject to the condition that" and all of the subsequent provisions of the order down to and including the words "appointments or approvals by May 28, 1947." It is so ordered.