**SANDERS v. JOHNSTON, Warden.**
No. 11622.

Circuit Court of Appeals, Ninth Circuit.
Jan. 21, 1948.

Hilliard Sanders, in pro. per. for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HEALY, and ORR, Circuit Judges.

ORR, Circuit Judge.

The question in this case is whether a conviction for the crime of armed robbery obtained in the United States District Court for the District of Maryland is now a nullity because the written judgment failed to include all matters prescribed by Rule 32(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687. The judgment reads as follows:

"* * * that the defendant Hilliard Sanders, also known as George L. Thompson be committed to the custody of the Attorney General of the United States for imprisonment in such place of confinement as he may designate, for the period of twenty years and pay a fine of $5,000.00 with costs, and with further commitment in default of payment of said fine."

The appeal is from an order of the District Court of the United States for the Northern District of California, Southern Division, denying appellant's petition for a writ of habeas corpus.

Appellant is an inmate of the United States penitentiary at Alcatraz, California, being confined there upon a commitment issued pursuant to the judgment rendered by said United States District Court for Maryland. The judgment is alleged to be null and void in that it fails to set forth the plea, recite the verdict or contain an adjudication of appellant's guilt.

Upon the filing of the petition an order to show cause was issued and appellee filed a return to which was attached as exhibits

a certified copy of the indictment returned against appellant by which he was charged with armed bank robbery; also, certified copies of docket entries, sentence and commitment. These certified copies of the trial court's records establish that appellant was duly and regularly charged with armed bank robbery; duly and regularly convicted of said crime by the verdict of a jury duly and regularly empaneled in said court and cause, and that pursuant to said charge regularly made, and said verdict duly returned and entered of record, appellant was duly and regularly sentenced to serve twenty years imprisonment and fined in the sum of five thousand dollars.

Appellant (petitioner in the lower court) moved to strike the exhibits attached to the return. The motion was denied. The trial court determined that the pleadings and attached exhibits disclosed sufficient legal grounds for the detention of the prisoner (appellant) and that therefore no necessity existed for the issuance of a writ of habeas corpus and the holding of a hearing thereon. The petition was dismissed and the order to show cause discharged. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.

■ Rule 32(b)[1] prescribes a recital in the judgment of the several steps taken by the court during the progress of a case from the entry of a plea to the pronouncement of sentence. Such a recital in the judgment would be prima facie evidence that the steps set forth therein actually took place, but it does not follow that a failure to make such a recital in the written judgment nullifies steps which did in fact occur.

The enactment of Rule 32(b) had for its purpose the prescribing of a uniform practice for the guidance of trial courts in pronouncing judgment, so that by following its provisions confusion, such as exists in this case, would not result. However, it is the process actually employed which determines the legality of a conviction and not a failure to make written evidence of it in the judgment. In the event of failure to make such written evidence recourse to all the records of the court may be had[2] and where all legal essentials are thereby made to appear habeas corpus will not lie.

■ Appellant, in support of his contention, relies upon the case of Hill v. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283. The holding in that case is readily distinguishable from the contention made here. There the trial court in pronouncing as part of its judgment the imposition of a fine, did not provide for detention in prison in lieu of the payment of the fine. The clerk inserted such a provision in the commitment, clearly something, which he, as a ministerial officer, had no authority to do, and the direction of the Judge to the clerk, some time after the judgment had been pronounced, that he, the clerk, include such a provision in the commitment, was likewise without authority. Hill v. Wampler, supra, deals with a failure of the court to render its judgment relative to the imposition of a fine, hence, the detention thereunder was illegal.

The detention with which we are concerned is based upon a judgment of a court of competent jurisdiction whose proceedings are shown to have been in accordance with law.

The order of the District Court is affirmed.

---

[1] Federal Rules of Criminal Procedure: "Rule 32. Sentence and Judgment. * * *.

"(b) A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk."

[2] Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; Demolli v. United States, 8 Cir., 144 F. 363, 6 L. R.A.,N.S., 424, 7 Ann.Cas. 121; In re Edwards, 8 Cir., 106 F.2d 537.