## GIBBONS v. BRANDT et al.
### No. 10071.

United States Court of Appeals
Seventh Circuit.
May 4, 1950.

John H. Gately, Joseph F. Burns, Chicago, Ill., for appellants.

David J. Kadyk, C. H. G. Heinfelden, Russell Greenacre, Bruce E. Brown, Chicago, Ill., Lord, Bissell & Kadyk, Chicago, Ill. and Martin, Ullmann & Brown, Chicago, Ill., of counsel, for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

MAJOR, Chief Judge.

In an action predicated on the Illinois Liquor Control Act, Ill.Rev.Stat.1945, Chap. 43, Sec. 135, Mary Gibbons obtained a judgment against Jack Cannaven, who operated a tavern in a building located in Chicago which was owned by Hugo E. and Ruth E. Brandt. Subsequently, an equitable action was brought, also under the Illinois Liquor Control Act, to enforce the judgment thus obtained against certain real estate owned by Hugo E. and Ruth E. Brandt, to which action these parties were named as defendants. From a decree in favor of the plaintiff the defendants appealed. This court at first affirmed the decree but later, on petition for rehearing, reversed the judgment, "with directions to proceed in accord with the views here expressed." Gibbons v. Brandt et al., 7 Cir.,

170 F.2d 385, 391. Thereupon, this court entered its mandate, with directions that the District Court proceed accordingly.

On May 9th, 1949, Hugo E. Brandt and Ruth E. Brandt (appellees in the instant appeal and hereinafter referred to as such) filed their petition in the District Court in which it was suggested that Mary Gibbons had been adjudicated to be mentally ill by an order of commitment of the Circuit Court of Cook County, Illinois, and suggested the appointment of a next friend to represent her with respect to further proceedings in the matter, whereupon the court entered an order appointing as her next friend John H. Gately, an attorney who had represented Mary Gibbons as plaintiff in the original action. The appellees also petitioned the District Court to vacate its former decree and dismiss the action in conformity with the opinion and mandate of this court.

Mary Gibbons by her next friend (appellant in the instant appeal and hereinafter referred to as such) on May 31, 1949 filed her answer and cross-petition, denying that appellees were entitled to a vacation of the decree and a dismissal of the action on grounds subsequently referred to. On June 10, 1949, appellees filed a petition asking that appellant's answer and cross-petition be stricken. On July 7, 1949, appellees again filed a motion to dismiss appellant's cross-petition and answer and for a decree in accordance with our mandate.

On October 19, 1949, the court entered an order dismissing appellant's cross-petition and answer and vacated its former decree, in accordance with the mandate of this court. In the same order appellant's cause of action was dismissed for want of equity, with prejudice, and it was ordered that the appellees recover from Mary Gibbons their costs in the amount of $645.50. It is from this order of October 19, 1949 that the appeal comes.

We need not stop to inquire whether there is any procedure or law which would authorize appellant to thwart the direction to the District Court as expressed in the mandate of this court. The general rule is that where the merits of a case have once been decided upon an appeal, the lower court is without jurisdiction in the absence of authority from the reviewing court, to do other than proceed in accordance with the direction contained in the mandate. In re Potts, 166 U.S. 263, 265, 267, 17 S.Ct. 520, 41 L.Ed. 994; In re Chicago, R. I. & P. Ry. Co. (Cheston et al. v. Igoe), 7 Cir., 162 F.2d 257, 258; Mays v. Burgess et al., 80 U.S.App.D.C. 236, 152 F. 2d 123, 124. And this court has held that where a decree is reversed upon appeal solely because of the trial court's error in applying the law to the facts as found, there is nothing for the trial court to do upon remand except to enter a judgment or decree for the party who prevailed upon the appeal. Swalley v. Addressograph-Multigraph Corp., 7 Cir., 168 F.2d 585, 586, certiorari denied 335 U.S. 911, 69 S.Ct. 481. These authorities and others to the same effect perhaps are sufficient to dispose of this appeal, but appellant alleges and asserts that the appellees perpetrated a fraud upon both the District and this court, which suggests the advisability of giving the appeal some further consideration.

We refer to the previous opinion of this court for facts and issues in the case. One of the defenses imposed by appellees was that Mary Gibbons obtained her judgment in the original trial by fraud in that she testified falsely as to the extent of the injuries which she allegedly sustained. The lower court found that she testified falsely but held as a matter of law that such false testimony was no defense in the equitable action to acquire a lien upon appellees' property. As to this issue, this court stated, 170 F.2d at page 390: "The trial court expressly found that plaintiff testified falsely as to the extent to which she was prevented from working and earning money; that she caused her counsel substantially to misrepresent and overstate the extent to which she had been prevented by injuries from working and earning money and that, by means of such false testimony and argument, plaintiff misrepresented to the court and the jury that her injury was substantially greater than it really was." This court thus sustained the finding of the lower court as to the false testimony but, contrary to

that court, held as a matter of law that such false testimony constituted fraud and was a bar to the Gibbons cause of action. It was upon this conclusion of law that the judgment was reversed, followed by our mandate with the direction above suggested.

It appears from the previous record as well as that in the instant case that Mary Gibbons, previous to her injury as well as subsequently, had been employed by the General Finance Corporation. One of the elements relative to the testimony found to have been false was the extent of her employment by this corporation subsequent to her injury, and certain records of this corporation were introduced in evidence by appellee for such purpose.

As we understand, the fraud which appellant now charges to appellees is that they withheld or failed to produce certain other records of said corporation, which would have corroborated the testimony of Mary Gibbons as to the time she worked for this corporation after her injury.

There are numerous fallacies in appellant's position. First, there is only a general allegation of fraud unsupported by factual allegations. There is, for instance, no assertion as a matter of fact that appellees had in their possession records of the General Finance Corporation other than those which they introduced. Appellant argues, however, that the law required the keeping of such records and their preservation for a certain length of time and, therefore, they must have been in existence. More than that, even if such records had been in existence there is no showing as to what they would reveal and as to whether they would have furnished any corroboration to the testimony of Mary Gibbons. Even though it was otherwise proper, permission to appellant to offer further testimony on an issue which has been adjudicated both by the lower court and this court for the reasons asserted would amount to little more than a fishing expedition. Second, it is obvious that the records of the General Finance Corporation were available to Mary Gibbons at the previous trial the same as they were to appellees, and after a part of such records had been introduced by the latter there is no reason of which we are aware

why any other records which might have been of benefit to Mary Gibbons could not have been introduced by her on rebuttal. Appellant makes the specious argument that it was not thought or known previous to the opinion of this court that perjury or false swearing on the part of Mary Gibbons would constitute any defense and, therefore, that issue was treated as of minor importance. The fact remains, however, that perjury or false swearing was an issue in the trial and, as noted, was decided adversely to Mary Gibbons both by the trial and by this court. The fact that counsel for Mary Gibbons tried the case under an erroneous view as to the legal consequences of such testimony can afford no justification for relitigating the same issue of fact.

We think this is a sufficient discussion of the situation to show that appellant's contention is without merit. Her charge of fraud is not based upon allegations of fact but rests upon surmise, conjecture and speculation. Assuming that the court had jurisdiction, which we doubt, appellant's factual basis for the fraud which she asserted was wholly insufficient to entitle her to a hearing.

The decree appealed from is

Affirmed.