**INDEPENDENT NAIL & PACKING CO., Inc.**

v.

**PERRY, Judge.**

No. 11135.

United States Court of Appeals Seventh Circuit.

July 13, 1954.

Thomas F. McWilliams, Chicago, Ill., for petitioner.

Casper William Ooms, Robert C. Williams, Chicago, Ill., for respondent.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This is a petition for a writ of mandamus. The petitioner herein was the plaintiff in a suit entitled The Independent Nail and Packing Company, Inc. v. Stronghold Screw Products, Inc., 205 F. 2d 921 in which action plaintiff charged defendant with appropriating its trademark "Stronghold" by including "Stronghold" in its corporate name and by applying "Stronghold" to its line of goods which was similar to that made and sold by plaintiff. Unfair competition was also alleged.

Defendant's predecessor first operated under the name, Sackheim Brothers Corporation. In 1936 its name was changed to Manufacturers Screw and Supply house, and in 1940 it was again changed to Manufacturers Screw Products. In 1946, which was twelve years after plaintiff had widely advertised its products under the trade-mark "Stronghold," defendant changed its corporate name to Stronghold Screw Products, Inc. The district court found the issues favorable to the defendant. On appeal this court, 205 F.2d 921, 925, reversed the judgment of the district court, pointing out that defendant was the latecomer in the adoption of the words "Stronghold." We stated, "Defendant adopted its logotype emphasizing the word 'Stronghold' with full knowledge of plaintiff's registered trade-mark which featured the same word. It did so at its peril." We also pointed out that defendant adopted its new corporate name, including the word "Stronghold," with full knowledge of plaintiff's mark. We quote with approval from National Circle, Daughters of Isabella v. National Order of Daughters of Isabella, 2 Cir., 270 F. 723, 734: "If damage is suffered by the defendant corporation by being compelled now to change its name and cease its infringement on the plaintiff's name, the loss arises out of the defendant's own folly in deliberately incorporating under a name already in use." We held that the defendant with full knowledge of plaintiff's use of the words in its business, appropriated plaintiff's common law trade-mark as well as the predominant feature of plaintiff's registered trade-mark. We held also that defendant's conduct constituted unfair competition and concluded our opinion by stating that the plaintiff was entitled to injunctive relief.

Defendant petitioned for certiorari, which was denied by the Supreme Court on November 16, 1953. 346 U.S. 886, 74 S.Ct. 138. The mandate of this court was issued on November 19, 1953,

and forwarded to the district court. **On November 27, 1953,** judgment was entered in the district court, providing that the earlier judgment be vacated, that plaintiff was the owner of the trademark "Stronghold," that defendant had infringed plaintiff's trade-mark and competed unfairly with plaintiff, that an injunction issue restraining defendant from further infringing plaintiff's trademark and from competing unfairly with plaintiff. However, the court provided that the injunctive provisions of the judgment should become effective only upon the further order of the court. The judgment also provided that Stronghold Screw Products, Inc. file a report within 30 days setting forth what had been accomplished pursuant to the terms of the judgment.

On December 17, 1953, and before the report was filed, defendant presented to the district court a motion for stay of injunction and asked for an interpretation of the judgment and for the court to decree that Stronghold Screw Products, Inc. had the right under the judgment theretofore entered to use the name Strong Screw and Bolt, Inc. and logotypes similar to those theretofore used, with the exception that the word "Strong" was to be substituted for the word "Stronghold."

Plaintiff, the petitioner herein, strongly objected to such use and registered such objections both orally and by formal pleading, but the district judge, on February 23, 1954, decided that Stronghold Screw Products, Inc. could use the corporate name Strong Screw and Bolt, Inc., and also the logotypes in the form suggested. The question was then raised as to the effective date of the injunction. After indicating that a period of 30 days would be proper, the district judge said, "I don't think I should carry that along until an appeal is made to determine another matter." However, when the order was signed, it provided May 1, 1954, as the effective date, a period of 65 days. In the meantime plaintiff, the petitioner herein, had appealed to this court the order and judgment determining that Stronghold Screw Products, Inc. could use the corporate name of Strong Screw and Bolt, Inc., and the logotypes hereinbefore described. That appeal is decided in a separate opinion handed down on this date.

On March 16, 1954, the district judge entered an order as follows: "It is hereby ordered that the injunction ordered in the order of February 24, 1954, is hereby stayed until 30 days after the mandate is issued from the Court of Appeals for the Seventh Circuit in the above case on the appeal noticed by plaintiff on March 11, 1954." Thus, although this court nearly a year ago decided that petitioner was entitled to injunctive relief, Stronghold Screw Products, Inc. continues to use in its business the firm name which this court held to be an infringement of petitioner's mark and continues to use the logotypes which this court decided caused confusion in the trade, and was an infringement of petitioner's mark, and constituted unfair competition.

■ Respondent seeks to justify the order entered on the ground that this court merely decided that the plaintiff, as the prevailing party, was entitled to injunctive relief, without spelling out in detail just what the terms of the injunction should be. However, the district judge was bound to consider the opinion of this court as a part of the mandate. We so decided in Swalley v. Addressograph-Multigraph Corp., 7 Cir., 168 F. 2d 585, 586, certiorari denied, 335 U.S. 911, 69 S.Ct. 481, 93 L.Ed. 444. See also: In re Sanford Fork & Tool Co., 160 U.S. 247, 256, 16 S.Ct. 291, 40 L.Ed. 414.

■■ A reading of our opinion clearly demonstrates that the injunctive relief to which the petitioner was entitled, pursuant to the decision of this court, is as prayed for in the complaint. Such is the law of the case. This right to injunctive relief should not be delayed or postponed because Stronghold Screw Products, Inc has been unwilling to choose another name which it has a clear

right to use. The district judge exceeded his powers in withholding from the petitioner the relief to which this court had decided it was entitled, simply because petitioner appealed from the district court's holding that it could substitute the word "Strong" for "Stronghold."

Let us assume that Stronghold Screw Products, Inc. decided to petition for certiorari from the decision of this court handed down this date that it is not entitled to use the word "Strong" in place of the word "Stronghold" in its corporate name and on its logotype. Such petition would not be acted upon by the Supreme Court before October or November, 1954. Assuming that the Supreme Court denies certiorari, our mandate would not reach the district court until the latter part of November, 1954. It is true that under its terms, the stay would terminate 30 days after our mandate is issued on appeal in No. 11123, decided this date. But what is to prevent the resourceful officers of Stronghold from petitioning the district court for an interpretation permitting them to use the word "Stronghart" or "Strongheld" instead of "Stronghold," and should the district court decide such name could be used, another appeal to this court would be likely and if the district court indulged in the same action as heretofore, it would again stay the injunction until that appeal had been fought through to the bitter end. Such procedure might be repeated again and again, and would be a flouting of the decision of this court that petitioner is entitled to injunctive relief.

 Appellate courts are reluctant to issue writs of mandamus. However such courts have not hesitated to issue writs of mandamus when it appeared to be necessary to enforce the judgment of the appellate court. Delaware, Lackawanna & Western Railroad Co. v. Rellstab, 276 U.S. 1, 5, 48 S.Ct. 203, 72 L.Ed. 439. Where a lower court has failed to comply with a mandate of a reviewing court, compliance with such mandate may be compelled by writ of mandamus. In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Baltimore & Ohio Railroad Co. v. United States, 279 U.S. 781, 49 S.Ct. 492, 73 L.Ed. 954; In re Chicago, R. I. & P. Ry. Co. (Cheston v. Igoe), 7 Cir., 162 F. 2d 257; Gibbons v. Brandt, 7 Cir., 181 F.2d 650.

A writ of mandamus will issue. Respondent is directed to put into full force and effect, within 15 days from the date of the receipt by the district court of the mandate of this court upon this appeal, the provisions for injunctive relief as prayed for in petitioner's complaint in the action which was designated in this court as No. 10808. It is so

Ordered.