**T. E. PENTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13408.**

United States Court of Appeals
Sixth Circuit.

March 19, 1959.

Harry Berke, Chattanooga, Tenn., for appellant.

Charles B. E. Freeman, Department of Justice, Washington, D. C., Charles K. Rice, Lee A. Jackson, and I. Henry Kutz, Washington, D. C., John C. Crawford, Jr., Knoxville, Tenn., C. C. Ridenour, Chattanooga, Tenn., on brief for appellee.

Before SIMONS, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In this action in the District Court the taxpayer sought a refund of income taxes for the year 1945 by reason of a net operating loss carry-back from the year 1947. The District Court denied the refund on the ground that the taxpayer was not entitled to a net operating loss carry-back. We reversed on the ground that the taxpayer was entitled to a net operating loss carry-back.

The mandate issued in this case on October 30, 1958, states, "On consideration whereof, It is now here ordered and adjudged by this Court that the judgment of the said District Court in this cause be and the same is hereby reversed, and the case remanded to the District Court for further proceedings consistent with the views expressed in the opinion herein." The opinion is reported as Penton v. United States, 6 Cir., 259 F.2d 536.

The District Judge in a Memorandum filed in the District Court on January 29, 1959, states, "Being unable to reconcile the law as stated by the Court of Appeals and the facts as stipulated by the parties, with an allowance of the refund, this Court requests a clear direction as to what the order on the mandate should require."

The legal issue in the case has been decided. We think it is clear from the opinion, which must be treated as a part of the mandate, that as a matter of law the taxpayer is entitled to a net operating loss carry-back from the year 1947, which ruling is not open for reconsideration by the District Court, even though it may differ from rulings in other circuits to which reference is made. Federal Home Loan Bank of San Francisco v. Hall, 9 Cir., 225 F.2d 349, Note 10, at pages 370–372, certiorari denied, Mallonee Bucklin & Fergus v. Federal Home Loan Bank, 350 U.S. 968, 76 S.Ct. 438, 100 L.Ed. 840, rehearing denied 351 U.S. 921, 76 S.Ct. 708, 100 L.Ed. 1452, appeal dismissed, Long Beach Fed. Sav. & Loan Ass'n v. Federal Home Loan Bank, 351 U.S. 916, 76 S.Ct. 709, 100 L.Ed.

1449. A request for clarification of the mandate will not be considered by this Court as a petition for rehearing, the filing time for which has long since expired. Hines v. Royal Indemnity Co., 6 Cir., 253 F.2d 111, 113–114.

The amount of the net operating loss carry-back from 1947 was not adjudicated by the District Court in its ruling dismissing the action. It appears to be stipulated. If the District Court approves and accepts the stipulation, a judgment in accordance with the views heretofore expressed in our opinion can be promptly entered. Strimling v. Stone, 8 Cir., 194 F.2d 920.

Request for clarification of the mandate is denied, except as herein indicated.