**Billy Maurice OGDEN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18446.**

United States Court of Appeals
Ninth Circuit.

Sept. 11, 1963.

Rehearing Denied Oct. 10, 1963.

Daniel G. Marshall, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Timothy M. Thornton, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, MERRILL and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

On appellant's appeal from his conviction we remanded to permit the trial court to determine whether certain notes taken by F.B.I. agents during an interview with the witness Glass were a "statement" producible under the Jencks Act, 18 U.S.C.A. § 3500, and, if so, what became of the notes, and what consequences should follow the failure of the government to produce them at the trial. 303 F.2d 724, 737 (9th Cir., 1962).

After a hearing without a jury at which Glass and both F.B.I. agents testified, the trial court found that one of the agents took notes of the pertinent portions of the interview with Glass, that Glass examined and initialed the notes, that from the notes the agent dictated the typed statement signed by Glass on March 28, 1958, which was produced for appellant's use at the trial, and that, after comparing the notes with the typed statement to assure himself that all of the material in the notes had been transcribed, the agent destroyed the notes. The court concluded that the handwritten notes constituted a producible "statement," but that since the information in the notes was available to appellant at

trial in the signed statement of March 28, 1958 a new trial was not required. The court further found that in destroying the notes the agent acted in good faith with no intention to suppress evidence, and in accordance with the regulations and normal practice of the F.B.I.[1]

1. On the main issue raised by appellant we think this case is controlled by Killian v. United States, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961), and Campbell v. United States, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963).

In Killian the government argued that the destruction of certain F.B.I. notes did not prejudice defendant because the information contained in the notes was available to defendant in other forms; defendant argued that destruction of the notes violated his rights under the Jencks Act and was in itself enough to require reversal. The Court held, "If the agents' notes of [the witness'] oral reports of expenses were made only for the purpose of transferring the data thereon to the receipts to be signed by [the witness], and if, after having served that purpose, they were destroyed by the agents in good faith and in accord with their normal practice, it would be clear that their destruction did not constitute an impermissible destruction of evidence nor deprive petitioner of any right. * * * It is entirely clear that petitioner would not be entitled to a new trial because of the nonproduction of the agents' notes if those notes were so destroyed and not in existence at the time of the trial. * * *" (368 U.S. at 242, 82 S.Ct. at 308, 7 L.Ed.2d 256).

In Campbell an F. B. I. agent dictated an Interview Report from his handwritten notes, and, after comparing the two, destroyed the notes. Defendant was denied access to the Interview Report. He contended this was error, and, in any event, that destruction of the notes required imposition of the sanctions provided by 18 U.S.C.A. § 3500(d). The Supreme Court sustained the determination of the District Court, following a post-trial hearing, that the handwritten notes were producible as a written statement made and adopted by the witness (18 U.S.C.A. § 3500(e) (1)), and that the Interview Report was producible as a "copy" of the notes—"copy," in this context, connoting absence of "material variance or inconsistency," the differences being confined to "grammatical and syntactical changes, rearrangement into chronological order, and omissions and additions of information immaterial for impeachment purposes." (373 U.S. at 495, 83 S.Ct. at 1361, 10 L.Ed.2d 501). Since the Interview Report was available for defendant's use in the new trial, the Supreme Court found it unnecessary to review the holding of the Court of Appeals[2] that if the notes qualified as a producible "statement" under the Act and the Interview Report did not, and so was not available to defendant, sanctions nonetheless would not attach to the destruction of the notes if the destruction was not in bad faith. 373 U.S. at 491 n. 5, 83 S.Ct. at 1359, 10 L.Ed.2d 501.[3]

 Whether sanctions are to be imposed if a producible statement has been destroyed in good faith and the information in the destroyed document relevant for impeachment is not otherwise avail-

---

1. The agent testified that this had been the practice during his twenty years of service with the F.B.I. See, e. g., Killian v. United States, 368 U.S. 231, 240, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961); Campbell v. United States, 373 U.S. 487, 490, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); United States v. Tomaiolo, 317 F.2d 324, 327 (2d Cir., 1963); United States v. Greco, 298 F.2d 247, 249 (2d Cir., 1962); United States v. Thomas, 282 F.2d 191, 193–194 (2d Cir., 1960).

2. Campbell v. United States, 303 F.2d 747, 751 (1st Cir., 1962) (denying rehearing).

3. As the Supreme Court noted, in initially remanding to the District Court it had "directed that attention be given the question what sanctions, if any, would be appropriate if it developed that the notes were producible but had been destroyed *and that no copy had survived*." 373 U.S. at 489 n. 2, 83 S.Ct. at 1358, 10 L.Ed.2d 501. (Emphasis added.)

able,[4] and whether sanctions are to be imposed without regard to prejudice if destruction is in bad faith [5] may remain open issues; but we think it is now settled that destruction of interview notes in accordance with normal administrative practice for normal administrative purposes unrelated to the suppression of evidence does not justify imposition of sanctions, or a new trial, where the same material is made available to defendant in a signed statement or Interview Report.[6]

In the present case the notes were destroyed in the same circumstances and for the same reasons as in Killian and Campbell, and the District Court's finding of the agent's good faith is not challenged.[7] The District Court concluded that the signed statement of March 28, 1958, available to defendant at trial, contained "the same information" as the notes; and the record reflects that this conclusion is firmly based upon uncontradicted testimony of both Glass and the agent that nothing was omitted from the statement that was present in the notes or added to the statement that was not in the notes.

■■ 2. Appellant was not entitled to a jury trial of the remand issues.

They "concerned a subject, rulings on evidence, which is peculiarly the province of trial courts." Campbell v. United States, 373 U.S. 487, 493, 83 S.Ct. 1356, 1361, 10 L.Ed.2d 501 (1963). No hearing at all may be necessary to enable the court to resolve such issues, United States v. Aviles, 315 F.2d 186, 191 n. 1 (2d Cir., 1963), and if the court determines that extrinsic evidence is required, the hearing is still "merely a procedural step to be conducted in the absence of the jury to aid the judge in the discharge of the responsibility resting upon him in connection with the enforcement of the statute." Bary v. United States, 292 F. 2d 53, 58 (10th Cir., 1961).[8]

■ 3. The District Court entered a new judgment following the remand hearing, but did not resentence appellant. Appellant contends that this omission denied him his right of allocution, and rendered the judgment void.

Admittedly, appellant was sentenced and exercised his right of allocution prior to the entry of the judgment from which he initially appealed. It is clear from this Court's opinion that nothing the Court decided on the appeal from that judgment was intended to impair appellant's conviction or sentence. It is

4. As noted above, the Court of Appeals for the First Circuit indicated in its second Campbell opinion (296 F.2d 527, at 531–534) and held in its third (on petition for rehearing, 303 F.2d at 751) that sanctions do not apply in these circumstances. The Court of Appeals for the Second Circuit has indicated, though not held, that it agrees. See, e. g., United States v. Aviles, 315 F.2d 186, 188 (2d Cir., 1963), adopting opinion of Judge Bicks at 197 F.Supp. 536, 553–558 (S.D. N.Y.1961); United States v. Greco, 298 F.2d 247, 250 (2d Cir., 1962).

5. See Note, 60 Colum.L.Rev. 858 (1962) and Recent Development, 62 Colum.L. Rev. 526 (1962) for recent discussions of the general law applicable to willful or "negligent" suppression of exculpatory evidence.

6. In addition to Campbell and Killian, see United States v. Tomaiolo, 317 F. 2d 324, 327–328 (2d Cir., 1963); United States v. Aviles, 315 F.2d 186, 188 (2d

Cir., 1963), adopting opinion of Judge Bicks at 197 F.Supp. 536, 553–558 (S.D. N.Y.1961); United States v. Greco, 298 F.2d 247, 249–250 (2d Cir., 1962); United States v. Thomas, 282 F.2d 191, 193–194 (2d Cir., 1960).

7. Appellant does attack the District Court's finding that the notes were destroyed "before the prosecution was contemplated." But this subsidiary finding is significant only as it bears upon the ultimate issue of whether the notes were destroyed for the purpose of denying defendant material to which he was entitled, and appellant does not challenge the District Court's ultimate finding that they were not.

8. Campbell v. United States, 365 U.S. 85, 92–93, 95, 81 S.Ct. 421, 5 L.Ed. 428 (1961); United States v. Thomas, 282 F.2d 191, 194 (2d Cir., 1960). See also Shotwell Mfg. Co. v. United States, 371 U.S. 341, 344, 83 S.Ct. 448, 9 L.Ed. 2d 357 (1963).

also clear from the opinion that the remand was solely for the purpose of permitting the trial court to supplement the record to enable it to determine whether prejudicial error had occurred. The conviction was to be set aside and a new trial ordered only if the trial court concluded that such error had occurred. If a new trial were denied, the trial court was then to enter a new final judgment, as the opinion makes clear, solely for the purpose of preserving appellant's right to review. The opinion concludes, however, with the statement, "judgment is vacated and the case remanded," and appellant argues that as a result the prior sentence was nullified and must be reimposed.

Our language, appropriate where it was first employed,[9] was at best inapt for our purpose.[10] Indeed, if appellant is correct, it has produced a result clearly contrary to our obvious intention. But we think this need not follow. Although the "judgment" and "sentence" are for some purposes the same,[11] they are not identical, as Rule 32, Federal Rules of Criminal Procedure, demonstrates, and as we have held.[12] In the context of our entire opinion[13] the disputed language may be read as vacating only the formal "judgment" entered pursuant to Rule 32 (b)—not the sentence imposed pursuant to Rule 32(a) or other operative facts (plea, verdict, and adjudication) recited in the judgment—thus in effect suspending the entry of judgment pending the further order of the District Court. It is true that the new formal judgment entered following the remand hearing, although reciting the plea, verdict, and adjudication, does not recite the prior sentence. This, however, does not affect the judgment's validity. "Such a recital in the judgment would be prima facie evidence that the steps set forth therein actually took place, but it does not follow that a failure to make such a recital in the written judgment nullifies steps which did in fact occur." Sanders v. Johnston, 165 F.2d 736, 737 (9th Cir., 1948).

Affirmed.

---

9. Killian v. United States, 368 U.S. 231, 244, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961).

10. The difference, of course (as appears clearly in other cases: Campbell v. United States, 365 U.S. 85, 98–99, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961), 373 U.S. 487, 489, 497, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); United States v. Shotwell Mfg. Co., 355 U.S. 233, 246, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957), 371 U.S. 341, 345, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963)), is that this general language when used by the Supreme Court vacated the judgment of the Court of Appeals, but when used by this Court operated on the judgment of the District Court. The Court of Appeals for the First Circuit has met the problem by "retaining jurisdiction of this appeal generally" and entering an order returning the "original papers to the District Court with direction to have further proceedings in accordance with this opinion and to return said original papers including the further proceedings when they shall have been determined." Campbell v. United States, 296 F.2d 527, 534 (1st Cir. 1961). The Court of Appeals for the District of Columbia Circuit has simply remanded

with directions to "order a new trial" or "enter a new order of conviction," as might be appropriate (Hilliard v. United States, 317 F.2d 150, 151 (D.C.Cir. 1963)), or has remanded with instructions that, if prejudicial error were disclosed on remand, the District Court was to "vacate its prior judgment and grant appellant a new trial; otherwise the judgment must stand." Saunders v. United States, 114 U.S.App.D.C. 345, 316 F.2d 346, 350 (1963). It is not clear that the latter formula would protect defendant's right to appeal.

11. See, e. g., Lott v. United States, 367 U.S. 421, 426, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961); Pollard v. United States, 352 U.S. 354, 360 n. 4, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377 (1956).

12. Nicholson v. United States, 303 F.2d 161 (9th Cir., 1962); Payne v. Madigan, 274 F.2d 702 (9th Cir., 1960).

13. Cf. Penton v. United States, 264 F.2d 477 (6th Cir., 1959); Independent Nail and Packing Co. v. Perry, 214 F.2d 670, 672 (7th Cir., 1954).

CHAMBERS, Circuit Judge (concurring).

I concur in the foregoing opinion. However, I think the next time we get a similar situation we should say, "The judgment and the sentence are vacated," rather than leave the trial court's final order after the trial and before the first appeal, half in and half out.