David Lee HILL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22640.

United States Court of Appeals
Ninth Circuit.

Oct. 22, 1968.

Richard B. Cutler, Los Angeles, Cal.,
for appellant.

Wm. Matthew Byrne, Jr.,. U. S. Atty.,
Robert L. Brosio, Asst. U. S. Atty., Crim.
Div., Roger A. Browning, Asst. U. S.
Atty., Los Angeles, Cal., for appellee.

Before BROWNING, ELY and HUF-
STEDLER, Circuit Judges.

PER CURIAM:

■■ We are satisfied that the evi-
dence was sufficient to support appel-
lant's conviction under 18 U.S.C. § 2113
(a) and (d). We are also satisfied that
the pretrial identification of appellant by
means of photographs was not so sug-
gestive or conducive to misidentifica-
tion that the eye-witness identifications
of appellant at trial (to which appellant
did not object) should have been stricken
under the standards established in Sim-
mons v. United States, 390 U.S. 377,

383–384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ We conclude, however, that a remand is required to permit the district court to determine whether the government had in its possession any "statement" with respect to the witness Thomas which was producible under the Jencks Act, 18 U.S.C. § 3500. Appellant's counsel sought to inquire whether the government had "any notations that the officers made of any conversations which they had with this witness" prior to trial. The court foreclosed the inquiry on the ground that such notes would not be producible under the Act unless the witness had signed or otherwise adopted or approved them. This was error, for the Act also provides for the production of any recording of "a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500 (e) (2). A hearing is therefore required to determine whether such a record existed, and if so, whether failure to produce it requires that appellant be given a new trial. Ogden v. United States, 303 F.2d 724, 736–738 (9th Cir. 1962).

The government argues that appellant may not urge this issue on appeal because he failed to move for the production of the notes as required by the Act. 18 U.S.C. § 3500(b). Appellant plainly tendered the issue to the court. No more is required. Ogden v. United States, supra at 733.

The case is remanded to the district court for further proceedings consistent with this opinion. Ogden v. United States, 323 F.2d 818, 822 n. 10 (9th Cir. 1963).