**David Lee HILL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**UNITED STATES of America, Appellee,**

v.

**Fletcher R. WILLIAMS, Appellant.**

**Nos. 22640, 23242.**

United States Court of Appeals, Ninth Circuit.

Dec. 16, 1969.

Kent Ten Brink (appeared), Richard B. Cutler, Los Angeles, Cal., for appellants.

Eric A. Nobles (appeared), Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY and TRASK, Circuit Judges, and PENCE, District Judge.*

PER CURIAM:

The subject appeals were separately briefed but the single issue which is presented is common to both cases. It is therefore ordered that the appeals be, and they hereby are, consolidated.

The appellants were convicted, in a jury trial, of the offense of bank robbery. According to the Government's proof, both participated in the robbery, and they were identified by three individuals who witnessed the crime.

While the testimony of one of the prosecution's identifying witnesses was being presented at the trial, the defense requested that it be supplied with any statement which the witness may have given to any government investigator. The request was denied, and the appellants appealed from the judgments of conviction. Our court remanded Hill's case with directions that the District Court should ascertain (1) if the prosecution did possess a statement given by the witness and, if so, (2) whether Hill had been prejudiced by reason of his counsel's not having been supplied with such statement. Hill v. United States, 401 F.2d 995 (9th Cir. 1968). Subsequently, on January 3, 1969, we made a similar order of remand in the case of Williams.

Upon remand, the District Court conducted a hearing in which the circumstances were carefully explored. It determined that the prosecution did possess a statement to which the appellants should have been given access. It concluded, however, that the appellants had suffered no prejudice from the omission.

* Honorable Martin Pence, United States District Judge, District of Hawaii, sitting by designation.

We have concluded that we should not disturb the conclusion of the District Court. We recognize that it is a rare case indeed when the Government's failure to supply information such as it should have supplied during appellants' trial can be held not to have been prejudicial. These appeals, however, present such a case.

The witness in question testified that one of the appellants was about five feet six or seven inches in height, whereas she had, in her statement to a government investigator, estimated his height at about five feet eleven inches. There was also a very slight discrepancy between her testimony and her statement as to the height of the other appellant. In her statement she also estimated that Hill had appeared to her to be approximately thirty years of age, whereas, in fact, he was only twenty. As to this, however, the district judge, observing the appellant Hill, stated that Hill's appearance was such as to make it difficult to estimate his age and that, in his opinion, "the jury would not be impressed at all with the discrepancy between what the witness may have said to the agent or what her judgment may have been as to the ages of the participants in the crime had she been given the opportunity to say so before the jury."

We have already observed that the appellants were identified as the offenders by three witnesses. Also, the record discloses that these witnesses had made a pre-trial identification of the appellants through photographs shown to the witnesses. There is no contention that the pre-trial identification procedure was impermissibly suggestive or otherwise corrupt.

In the light of all the circumstances, particularly the isolated and relatively minor discrepancies which have been recited, we are not persuaded that the District Court's controlling conclusion should be overturned. *See* Ogden v.

United States, 303 F.2d 724 (9th Cir. 1962). *Compare* United States v. McCarthy, 301 F.2d 796 (3d Cir. 1962).

Affirmed.