### UNITED STATES of America, Plaintiff-Appellee,

### v.

### James S. STINSON, Defendant-Appellant.

### No. 23822.

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1969.

Rehearing Denied Jan. 26, 1970.

Certiorari Denied May 18, 1970.

See 90 S.Ct. 1711.

---

Joseph W. Cotchett, San Mateo, Cal., for appellant.

David H. Fox, Robert L. Brosio, Asst. U. S. Attys., Wm. M. Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLIN, DUNIWAY and CARTER, Circuit Judges.

PER CURIAM:

Convicted of robbing a national bank at gun point, 18 U.S.C. § 2113(a), (d), Stinson appeals. There is ample evidence to sustain the conviction.

A bank guard who identified Stinson as one of the robbers testified on cross-examination that he had picked out Stinson and another at a lineup, but could not then make a positive identification. The testimony of a bank teller on cross-examination was that she was unable to identify Stinson at the lineup. She did not identify Stinson at the trial. A woman customer identified Stinson in court. On cross-examination she testified that she also picked him out at the lineup. Another witness said that Stinson had admitted to her that he was in the bank at the time of the robbery. Stinson's finger prints were found on one of two getaway cars. It belonged to Stinson's brother.

■ There is nothing in the record to show that the lineup was conducted in violation of the rule in United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Trial counsel did not ask for a hearing on the question, nor assert any claim that there had been a violation of the *Wade* rule. New counsel on appeal contends that the court should have held a hearing on the question. The contention is not supported by the record. We do not presume error.

■ Both the bank guard and the teller also testified that they were shown certain photographs. The bank guard identified one of them as being a photograph of Stinson. The teller was not able to do so. There were a number of photographs, including photographs of other members of the Stinson family. However, in the only photograph of Stinson himself he was wearing a hat. None of the other photographs showed a person wearing a hat. It is claimed that this was so suggestive as to render the in-court identification by the bank guard invalid. An F.B.I. agent testified that in displaying the photographs he made no suggestions. When asked on cross-examination whether the distinguishing feature was the hat, the guard answered "The man himself—if he didn't have the hat on still be the same man." There was substantial evidence, other than the use of photographs, which identified Stinson as one of the robbers. We find no error arising from the use of the photographs. Simmons v. United States, 1968, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247; Anderson v. United States, 9 Cir., 1969, 406 F.2d 770, 771; Hill v. United States, 9 Cir., 1968, 401 F.2d 995.

■ It is also claimed that during cross-examination the prosecuting attor-

ney asked certain improper and prejudicial questions. Objections to the questions were sustained and in most instances the jury was admonished to disregard them. There was no request for a mistrial. We do not find the questions sufficiently objectionable to require the granting of a new trial. Harris v. United States, 9 Cir., 1958, 261 F.2d 897, 902; Brown v. United States, 9 Cir., 1955, 222 F.2d 293, 298.

Affirmed.