24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Napolean TELLIO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Rodriguez RECIO, Defendant-Appellant.
 Nos. 92-50763, 93-50351.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1994.*
Decided April 20, 1994.
 
 1
 Before: HALL, LEAVY and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Napolean Tellio and Luis Rodriguez Recio appeal the sentences which were reinstated by the district court after this court vacated the sentences and remanded for factual findings. We affirm in part, but vacate the sentences and remand in part.
 
 DISCUSSION
 A. Tellio
 
 4
 In Tellio's first sentencing, the district court accepted the conclusion in the presentence report that Tellio was responsible for 650 kilograms of cocaine, which resulted in a sentencing range of 262-327 months (level 38). The court departed below that range and sentenced Tellio to 252 months. In the first appeal, after we determined that there were insufficient findings regarding the drug quantity, we vacated the sentence and remanded so that the district court could make express findings regarding whether Tellio could be held accountable for the entire 650 kilograms.
 
 
 5
 In some instances the right of allocution is not implicated when a remand is limited to making factual findings. See Ogden v. United States, 323 F.2d 818, 821-22 (9th Cir.1963) (no right of allocution when trial court entered new judgment following remand but nothing in our decision had affected the sentence), cert. denied, 376 U.S. 973, 84 S.Ct. 1137, 12 L.Ed.2d 86 (1964); cf. United States v. Connolly, 618 F.2d 553, 556 (9th Cir.1980) (no right of allocution on correction of illegal sentence to impose mandatory special parole term); Fed.R.Crim.P. 32(a)(1)(C).
 
 
 6
 Here, however, the district court did more than make factual findings regarding the quantity of drugs. It resiled from its earlier demonstration of leniency in departing below the applicable guideline range and imposed a sentence at the high end of the new sentencing range (level 36) without any statement of reasons for selecting that point in the range. See 18 U.S.C. Sec. 3553(c)(1). It seems obvious that a defendant should have an opportunity to affect his punishment under the guidelines by speaking to the selection of a particular point in the guideline range or to a downward departure. A defendant should be permitted to allocute before the district court makes those discretionary decisions. Since the district court decided to exercise its discretion anew, Tellio was entitled to the opportunity to influence that exercise. The denial of allocution was not harmless because once the district court decided that Tellio was responsible for only half as much cocaine, it could have sentenced him at the low end of the new sentencing range or departed downward, as it had done before. Compare United States v. Medrano, 5 F.3d 1214, 1219 (9th Cir.1993) (allocution error was not harmless when court could have departed downward); with United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991) (harmless error when court had already awarded all adjustments and sentenced at low end of range), cert. denied, --- U.S. ----, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992).
 
 
 7
 With regard to Tellio's remaining points of error, on this record we see no facts which tended to show ineffective assistance of counsel or which would have warranted an evidentiary hearing on the claimed right to withdraw the guilty plea. See United States v. Keller, 902 F.2d 1391, 1394-95 (9th Cir.1990). His request came long after he and his codefendants had been sentenced. There is no indication that manifest injustice would result if the plea were not withdrawn. See United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986); United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989), cert. denied, 498 U.S. 825, 111 S.Ct. 80, 112 L.Ed.2d 52 (1990). Rather, this appears to be a simple case of buyer's remorse, after Tellio saw what range the sentence would be in. The district court did not abuse its discretion in refusing to hold an evidentiary hearing and in refusing to permit Tellio to withdraw his plea.
 
 
 8
 Although no formal motion to substitute counsel was made, it appears that because Tellio claimed that counsel was ineffective regarding the guilty plea, she requested that he be permitted to consult with different counsel before resentencing. That request was made at the resentencing hearing itself. Given the lateness of the motion, the apparent absence of any factual basis for substitution of counsel (if substitution was what was wanted), and the eliptical way in which the request, if any, was made, the district court's failure to engage in any further inquiry on the subject does not require reversal. See United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1350, 122 L.Ed.2d 731 (1993).
 
 
 9
 In summary, Tellio's sentence to the particular point in his guideline range--252 months--is vacated, and his case is remanded with directions that the district court allow Tellio and his counsel to address it regarding the selection of a point in that range and regarding a downward departure, if they so desire. The district court should then give reasons for choosing the sentence that it does. 18 U.S.C. Sec. 3553(c)(1). In all other respects, including but not limited to the selection of the offense level on the basis of 306 kilograms of cocaine, we affirm. Tellio's request to remand to a different district judge is denied.
 
 B. Recio
 
 10
 In Recio's first sentencing, the district court accepted the conclusion in the presentence report that Recio was accountable for 650 kilograms of cocaine, which resulted in a sentencing range of 235-293 months (level 38). The court sentenced him to 235 months. We vacated the sentence and remanded for factual findings regarding the quantity of cocaine for which Recio could be held accountable and whether Recio was a minimal participant.
 
 
 11
 The district court is not always required to make sentencing findings in a defendant's presence. See United States v. Johnson, 953 F.2d 1167, 1173 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 226, 121 L.Ed.2d 163 (1992). However, this case presents particular difficulties. The district court's findings regarding drug quantity are too ambiguous to be sustained. The court did not state which offense level or sentencing range it had decided to apply. Moreover, the district court must state its reasons for selecting a particular point in the sentencing range when the range exceeds 24 months. 18 U.S.C. Sec. 3553(c)(1); compare United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990) (statement that court would impose sentence "in the mid range in accordance with the court's customary procedure in this matter" was inadequate), cert. denied, 499 U.S. 930, 111 S.Ct. 1335, 113 L.Ed.2d 266 (1991); with Johnson, 953 F.2d at 1173 (statement that defendant had committed four prior robberies within a short time of release and was driven by heroin addiction was sufficient). Ordinarily, the district court's reference to various factors it considered in sentencing Recio might seem sufficient for purposes of 18 U.S.C. Sec. 3553(c)(1). See Johnson, 953 F.2d at 1173. If the district court had sentenced Recio at the low end of the range for 650 kilograms of cocaine, its statement of reasons seem sufficient to justify the selection of sentence within that range. However, if Recio was sentenced for 306 kilograms this time, then the statement appears insufficient to explain why he was sentenced at the low point in the higher range the first time, if (as seems to be the case) he was, and the highest point in the lower range (level 36) the second time. Again, the need for sentencing in open court, with allocution, becomes apparent.
 
 
 12
 The district court's finding that Recio was not entitled to a minimal participant adjustment is not clearly erroneous, given Recio's function as security for the delivery of 306 kilograms of cocaine and receipt of the $200,000 purchase price. See United States v. Davis, 15 F.3d 902, 913-14 (9th Cir.1994); United States v. Webster, 996 F.2d 209, 212 n. 5 (9th Cir.1993); United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990).
 
 
 13
 Recio's sentence to the particular point in the guideline range--235 months--is vacated, and the matter is remanded with directions that the district court allow Recio and his counsel to address it regarding the range that should apply and the selection of a point within that range, if they so desire. The district court should then explicitly state what range it is selecting based on the amount of cocaine it is considering and then give reasons for choosing the sentence that it does. In all other respects, including the determination regarding minimal status, the district court is affirmed.
 
 
 14
 AFFIRMED in part, VACATED and REMANDED, in part.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3