**IN RE: Rhonda EZELL, et al., Petitioners.**

No. 17-1443

United States Court of Appeals, Seventh Circuit.

March 6, 2017

Alan Gura, Attorney, Gura PLLC, Alexandria, VA, David G. Sigale, Attorney, Glen Ellyn, IL, for Petitioners

Suzanne M. Loose, Attorney, City of Chicago Law Department, Chicago, IL, for Party-in-Interest

Before MICHAEL S. KANNE, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, DIANE S. SYKES, Circuit Judge

## ORDER

The plaintiffs seek a writ of mandamus to enforce their right to the relief mandated in our most recent decision in this matter. *See Ezell v. City of Chicago* ("*Ezell II* "), 846 F.3d 888 (7th Cir. 2017). In *Ezell II* we invalidated, on Second Amendment grounds, three Chicago regulations governing the siting and operation of firing ranges: (1) Section 17–5–0207 of the Chicago Municipal Code, which permits firing ranges only in manufacturing districts with a special-use permit; (2) Section 17–9–0120, which bars a firing range from locating within 100 feet of another range or within 500 feet of any district that is zoned for residential use or planned residential use, or any preexisting school, day-care facility, and multiple other uses; and (3) Section 4–151–100(d), which prohibits anyone under age 18 from entering a firing range. *Id.* at 891, 898. Our decision concluded with the mandate language typically used in this situation: We remanded and directed the district court to issue an injunction "consistent with this opinion." *Id.* at 898.

*Ezell II* was released on January 18, 2017. Although we could have stayed the mandate to give the City a period of time to promulgate new regulations to replace the unconstitutional provisions, *see Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012), we did not do so.

That was not an oversight. Unlike in *Moore v. Madigan*, here there was no reason to stay the mandate. By way of brief explanation, *Moore* was a Second Amendment challenge to an Illinois law prohibiting the carrying of firearms outside the home. A panel of this court struck down the law but stayed the issuance of the mandate for 180 days to give state authorities time to fill the regulatory gap with a permitting system to govern the carrying of firearms outside the home. *Id.*

The situation here is very different. As a consequence of the City's regulatory regime, Chicago has no publicly accessible firing ranges at present. *Ezell II*, 846 F.3d at 890; *see also Ezell v. City of Chicago* ("*Ezell I* "), 651 F.3d 684, 690–92 (7th Cir. 2011). Firing ranges do not open overnight. Myriad practical considerations and the current state of the City's regulatory scheme ensure that it will be some time before any range operator approaches the City with a viable proposal to open a firing range. As clearly explained in our opinion, the invalidation of the manufacturing-district and buffer-zone restrictions puts "the ball squarely in the City's court to decide

which districts it will now open to firing ranges and on what terms." *Ezell II*, 846 F.3d at 894. Moreover, the City has "a host of [additional] regulations to guard against environmental and fire hazards and otherwise ensure that shooting ranges will be properly constructed, maintained, and operated." *Id.* at 895–96. Under these circumstances, the temporary regulatory vacuum created by the invalidation of these three regulations entails none of the exigencies that justified the decision to stay the mandate in *Moore v. Madigan.*

The City knows all this. Still, when our mandate issued on February 9, the City asked the district judge to stay for 180 days the effective date of "any injunction and judgment" issued in compliance with the mandate in order to allow it to re- search and enact new zoning rules to re- place the unconstitutional provisions. The judge set a briefing schedule on the mo- tion, to be followed by a status conference on April 25, 2017. That precipitated the present mandamus petition. The plaintiffs claim a present enforceable right to the entry of judgment consistent with the mandate without further delay.

"The mandate rule requires a lower court to adhere to the commands of a higher court on remand." *United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995). Our mandate is straightforward and re- quires the district court to enter a simple judgment enjoining the three invalid regu- lations. That has not yet occurred. "One of the less controversial functions of manda- mus is to assure that a lower court com- plies with the spirit as well as the letter of the mandate issued to that court by a higher court." *In re Continental Ill. Sec. Litig.*, 985 F.2d 867, 869 (7th Cir. 1993). An appellate mandate directing the district court to enter an injunction gives the pre- vailing party an enforceable right to that relief; once the mandate issues, the district

court has a plain legal duty to enter a conforming judgment without undue delay. *Indep. Nail & Packing Co., Inc. v. Perry*, 214 F.2d 670, 672–73 (7th Cir. 1954). Stay- ing the effective date over the objection of the prevailing party in order to give the losing party extra time to adjust its affairs violates that plain legal duty and the pre- vailing party's rights and may be remedied by mandamus. *Id.* "Where a lower court has failed to comply with a mandate of a reviewing court, compliance with such mandate may be compelled by writ of mandamus." *Id.* at 673.

So mandamus may be used to enforce compliance with our mandate. The present petition, however, is premature. The plain- tiffs have not yet asked the district court to enter the judgment to which they are entitled. Although no rule expressly *re- quires* a formal motion to that effect—the district court has a legal duty to comply with the mandate—proceeding directly to mandamus without first asking the district court to perform its duty is irregular and blindsides the district judge.

With these clarifications, we deny the petition for mandamus without prejudice to refiling should it become necessary, "though we trust that it will not be neces- sary." *Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 763 (7th Cir. 2007).

PETITION DENIED.

ROVNER, J., Circuit Judge, concurring.

I concur in the result. A request for a writ of mandamus is premature. The reme- dy of mandamus is a drastic and extraordi- nary one. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). This court can issue a writ of mandamus only if the party re- questing the writ has no other adequate means to attain the relief requested. *Id.* We do not know whether the plaintiffs

have any other adequate means of relief because they have never asked the district court for any relief at all. The district court has not received any input from either party regarding the substance of an injunction, whether it should be stayed while the City revises its zoning regulations, and, if so, for how long. It is not at all clear to me that there is one obvious path or form of the injunction, and it is neither aberrant nor an abuse of discretion for a district court to seek input from the parties before issuing an injunction upon remand from an appellate court. It is, however, outside the norm for this court to prejudge a matter before the district court has had the opportunity to consider it, and for that reason a writ of mandamus is not an appropriate remedy here.