UNITED STATES of America, Appellant,

v.

Robert A. BLOOMER, Jr.,
Defendant–Appellee.

No. 1880, Docket 92–1220.

United States Court of Appeals,
Second Circuit.

Argued April 28, 1992.
Decided June 19, 1992.

Gary G. Shattuck, Asst. U.S. Atty., Burlington, Vt. (Charles A. Caruso, U.S. Atty., David V. Kirby, Chief, Crim.Div., on the brief), for appellant.

David A. Gibson, Brattleboro, Vt., for defendant-appellee.

Before: TIMBERS, MESKILL, and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal presents the issue whether the provisions of 18 U.S.C. § 3143(a) governing detention of a person "found guilty of an offense" apply immediately upon the return of a jury's guilty verdict or only after entry of judgment based on the verdict. The issue arises on an appeal by the United States from the April 15, 1992, order of the District Court for the District of Vermont (Franklin S. Billings, Jr., Judge) continuing the bail of defendant Robert A. Bloomer, Jr., notwithstanding a jury's verdict finding him guilty of drug offenses. Disagreeing with Judge Billings' construction of subsection 3143(a), we vacated his order on April 28, 1992, 963 F.2d 1522, by summary order with an opinion to follow, and now issue that opinion.

## Background

*The statutory framework.* 18 U.S.C. § 3143(a)(1) (Supp. II 1990) provides, with an exception not relevant to this case, that a person "who has been found guilty of an offense and who is awaiting imposition or execution of sentence" shall be detained unless the judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community. 18 U.S.C. § 3143(a)(2) provides that persons "found guilty" of offenses described in subparagraphs (A), (B), or (C) of 18 U.S.C. § 3142(f)(1) and "awaiting imposition or execution of sentence" shall be detained unless two conditions are met. The first condition is either a finding by the judge that "there is a substantial likelihood that a motion for acquittal or new trial will be granted," *id.* § 3143(a)(2)(A)(i), or a recommendation by the Government that no sentence of imprisonment be imposed, *id.* § 3143(a)(2)(A)(ii). The second condition, repeating the standard of subsection 3143(a)(1), is that the judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the

community, *id.* § 3143(a)(2)(B). Included in the offenses described in subparagraph (C) of 18 U.S.C. § 3142(f)(1), *i.e.*, one of the categories to which the special conditions of subsection 3143(a)(2) apply, are drug offenses carrying a maximum term of ten years or more. The maximum penalty for offenses involving 100 grams or more of methamphetamine is life imprisonment, with a mandatory minimum term of ten years, 21 U.S.C. § 841(b)(1)(A)(viii) (1988).

*Proceedings in appellee's case.* Bloomer was indicted on six counts concerning the manufacture and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 856(a)(1) (1988). Prior to trial, he was released on an unsecured personal recognizance bond of $20,000. After a two-week trial, a jury found him guilty on all six counts. Immediately upon the return of the verdict, the Government moved to detain Bloomer pursuant to 18 U.S.C. § 3143(a)(2). The evidence at trial established that his offenses involved more than 100 grams of methamphetamine, thus subjecting him to imprisonment for more than ten years, a term sufficient to make applicable the special release conditions of subsection 3143(a)(2). Judge Billings did not purport to make a finding that there was a substantial likelihood that a motion for acquittal or new trial would be granted, and the Government did not recommend against imprisonment; the first condition of subsection 3143(a)(2) was thus not satisfied. Judge Billings did find by clear and convincing evidence that Bloomer was not likely to flee or to pose a danger to the community, thereby satisfying the second condition of subsection 3143(a)(2).

However, Judge Billings denied the Government's motion on the ground that subsection 3143(a) in its entirety was inapplicable prior to the entry of a judgment of conviction. Noting that subsection 3143(a) applies to a person "found guilty," he said, "We are going to interpret that to mean that he has not been found guilty finally as of this time, until such time as we enter a judgment of conviction." From the denial

of the motion, the Government took this appeal.

## Discussion

The terms applied to various steps in the criminal process do not always have the same meaning. Instead, their meanings vary depending on the statute, rule, or other source of law in which the term is used. The Supreme Court has recognized, for example, that the terms "convicted" and "conviction" sometimes refer to a person whose guilty plea has been accepted, e.g., 15 U.S.C. §§ 80a–2(10), 80b–2(6) (1988), and sometimes refer to a person against whom a formal judgment has been entered, e.g., 18 U.S.C. § 4251(e); 28 U.S.C. § 2901(f) (1988). *See Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 112 n. 6, 113 n. 7, 103 S.Ct. 986, 992 n. 6, 992 n. 7, 74 L.Ed.2d 845 (1983). *See also Jenkins v. United States*, 555 F.2d 1188 (4th Cir.1977) (interpreting "at the time of conviction" in former Youth Corrections Act, 18 U.S.C. § 5006(d) (1976) (repealed 1984), to mean time of jury verdict notwithstanding provision defining "conviction" as "the judgment on a verdict," *id.* § 5006(g) (repealed 1984)).

We have no doubt that "found guilty," as used in subsection 3143(a), includes a person, like appellant, who has been found guilty by a jury, even though a judgment of conviction has not yet been entered. The judgment is not entered until after sentencing, since it must set forth the sentence, in addition to the plea, the verdict or findings, and the adjudication. *See* Fed. R.Crim.P. 32(b)(1). *See also Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937) ("The sentence is the judgment."). Subsection 3143(a) is explicitly drafted to be applicable during the interim between the return of a guilty verdict and sentencing. Section 3143 is captioned "Release or detention of a defendant pending sentence or appeal," and subsection 3143(a) is captioned "Release or detention pending sentence." Moreover, the terms of subsection 3143(a) explicitly apply to a person "who is awaiting imposition or execution of sentence." If Judge Billings were correct and subsection 3143(a) did not apply until entry of judgment, it would have no application to those awaiting sentence, a result totally at odds with the statute's terms.

In 1966, Congress first made special provision for the release conditions of those awaiting sentence. Bail Reform Act of 1966, Pub.L. No. 89–465, § 3(a), 80 Stat. 214, 215. The pertinent provision, then codified as section 3148 of the Criminal Code, was applicable to those awaiting sentencing or appeal and used the terminology, "[a] person ... who has been convicted of an offense and is either awaiting sentence or has filed an appeal or a petition for a writ of certiorari." 18 U.S.C. § 3148 (1982). The Bail Reform Act of 1984, Pub.L. No. 98–473, tit. II, ch. I, § 203(a), 98 Stat.1976, 1981, repealed former section 3148 (and other bail provisions) and substituted new provisions, including what is now section 3143. The 1984 Act divided former section 3148 into two subsections, subsection 3143(a), concerning release "pending sentence," and subsection 3143(b), concerning release "pending appeal." [1] Both subsections adopted the terminology, "a person who has been found guilty," instead of the previous formulation, "[a] person ... who has been convicted of an offense." There is no basis for thinking that the change in terminology had any significance,[2] and surely none for doubting that the phrase "found guilty" applies to a person the moment a jury has "found" him "guilty."

At oral argument, appellee, perhaps recognizing that subsection 3143(a) could not plausibly be interpreted to be inapplica-

---

**1.** In 1990, Congress added subsection 3143(a)(2), Pub.L. No. 101–647, § 902(a)(2), 104 Stat. 4789, 4826, and changed "waiting" in subsection 3143(a)(1) to "awaiting," *id.* § 1001(a), 104 Stat. at 4827.

**2.** In the legislative history, the provision of subsection 3143(a), which uses the new phrase "a person who has been found guilty of an offense" is explained by using the terminology of prior law, "a person convicted." *See* S.Rep. No. 98–225, 98th Cong., 1st Sess. 26 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3209.

ble until entry of judgment, suggested that "found guilty" at least requires an adjudication of guilt by the judge following the return of the jury verdict. An "adjudication" is one of the components that is normally set forth in a criminal judgment, in addition to the plea, the verdict (of the jury) or findings (of the judge), and the sentence. *See* Fed.R.Crim.P. 32(b)(1). *See also* Administrative Office of the United States Courts, Form 245, Judgment in a Criminal Case (1990) ("Accordingly the defendant is adjudged guilty...."); 18 U.S.C.A. app., Form 25 (West 1976) ("It is Adjudged that the defendant is guilty as charged and convicted.") (appendix of forms abrogated Aug. 1, 1983). However, it has been held that the absence of an adjudication of guilt does not impair the validity of a sentence so long as the records of the court disclose an indictment, a jury verdict of guilty, the entry of the verdict, and a sentence. *See Sanders v. Johnston,* 165 F.2d 736 (9th Cir.1948).

Whatever the significance of a judge's "adjudication" of guilt might be once a jury has returned a guilty verdict, we are entirely satisfied that it is not a step required to be taken to render the provisions of subsection 3143(a) applicable to a defendant who has been found guilty by a jury. Thus, even if Judge Billings had made an "adjudication" of guilt at some point after the verdict but prior to the entry of judgment, when an "adjudication" is normally set forth formally, subsection 3143(a) became applicable the moment the jury verdict was "returned by the jury to the judge in open court." [3] Fed.R.Crim.P. 32(a).

Because subsection 3143(a)(2) applied to the defendant and because only the condition of subsection 3143(a)(2)(B) but neither of the conditions of subsection 3143(a)(2)(A) was satisfied, the order continuing the defendant on bail was erroneous. Our prior order remanded the matter for reconsideration according to the provisions of subsection 3143(a)(2), a disposition we now confirm.

---

[3]. Though no reported decision of an appellate court appears to have considered the precise issue raised by this appeal, doubtless because no trial judge has previously construed subsection 3143(a) as Judge Billings did, we note that the predecessor statute, section 3148, has been construed to apply to a person upon the return of a guilty verdict by a jury, *see United States v. Birrell,* 286 F.Supp. 869, 872 (S.D.N.Y.1968) (construing section 3148, citing unreported action of Second Circuit).