**UNITED STATES of America, Plaintiff,**

v.

**Vinol Scott WILSON, Defendant.**

**No. 95–40052–01–SAC.**

United States District Court,
D. Kansas.

Nov. 22, 1995.

pistol, during and in relation to a drug trafficking crime. Wilson was acquitted on Count 2, use of a Mossberg 12 gauge shotgun during and in relation to a drug trafficking crime.

This case comes before the court upon the following motions filed by Wilson:

1. Motion for judgment of acquittal (Dk. 47).

2. Motion for release of defendant pending sentence (Dk. 49).

The government opposes each of Wilson's motions.

Wilson basically contends that there was insufficient evidence to sustain either conviction. Wilson contends that his conviction was obtained by the impermissible piling of inferences. Based upon the strength of his motion for judgment of acquittal, Wilson seeks release pending sentence. The government responds, arguing that their was "plenty" of evidence to support the jury's verdict. Because there is no likelihood that a motion for new trial or acquittal will be granted, the government contends that Wilson's motion for release pending sentencing should be denied.

The court, having considered the evidence presented at trial, the briefs of counsel, and the applicable law, denies each of Wilson's motions.

### Motion for Judgment of Acquittal

To review the sufficiency of the evidence supporting a criminal conviction, the court must examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Miller*, 987 F.2d 1462, 1464 (10th Cir.1993). In reviewing the sufficiency of the evidence, the court must consider both direct and circumstantial evidence, as well as reasonable inferences to be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir.1993) (citing *United States v. Fox*, 902 F.2d 1508, 1513 (10th Cir.), *cert. denied*, 498 U.S. 874, 111 S.Ct. 199, 112 L.Ed.2d 161 (1990)).

Charles D. Dedmon, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for defendant.

Randy M. Hendershot, Office of United States Attorney, Topeka, KS, for the U.S.

### MEMORANDUM AND ORDER

CROW, District Judge.

On October 23, 1995, trial in this criminal matter commenced. On October 24, 1995, the parties rested. On October 26, 1995, the jury returned a verdict finding Vinol Scott Wilson guilty on Count 1 of the indictment, possession with intent to distribute cocaine base, and guilty of Count 3, use of a firearm, namely a 9mm. cal. Ruger semi-automatic

 " 'A jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility. Such a finding is infirm because it is not based on the evidence.' " *United States v. Jones,* 49 F.3d 628, 633 (10th Cir. 1995) (quoting *Sunward Corp. v. Dun & Bradstreet, Inc.,* 811 F.2d 511, 521 (10th Cir. 1987) (quoting *Daniels v. Twin Oaks Nursing Home,* 692 F.2d 1321, 1326 (11th Cir. 1982))).

The line between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation is not drawn by judicial idiosyncrasies. The line is drawn by the laws of logic. If there is an experience of logical probability that an ultimate fact will follow from a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts.

*Jones,* 49 F.3d at 632 (quoting *Tose v. First Pennsylvania Bank, N.A.,* 648 F.2d 879, 895 (3d Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981)). "Additionally, 'the essential requirement is that mere speculation be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked.' " *Jones,* 49 F.3d at 632 (quoting *Galloway v. United States,* 319 U.S. 372, 395, 63 S.Ct. 1077, 1089, 87 L.Ed. 1458 (1943)).

 The court must accept the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses. *Davis,* 1 F.3d at 1017 (citing *United States v. Youngpeter,* 986 F.2d 349, 352 (10th Cir. 1993)).

### Analysis

The government's case-in-chief was short and succinct. The defendant's case-in-chief was similarly concise; Wilson did not testify. In fact, the jury deliberated for an amount of time longer than the time it took both parties to present all of the evidence admitted in this case.

Viewing the evidence in the light most favorable to the government, these are some of the facts upon which the jury could have rationally concluded that the government had proven beyond a reasonable doubt each of the essential elements of the crimes charged.

On November 3, 1994, law enforcement officers executed a search warrant at 1735 S.W. Clay. The property was jointly leased by Wilson and Laccia Daniels. Officers entering the front of the residence eventually made their way to the bedroom. Sitting on the bed was Wilson. On the bed at his feet was a 9mm. cal. Ruger semi-automatic pistol. A clip and some nine-millimeter ammunition were on the bed around the gun; a live round was in the chamber of the weapon. Wilson did not move for the weapon as the police entered the bedroom.

At approximately the same time officers entered the front of the residence, officers guarding the rear of the building observed Laccia Daniels attempting to escape through the bedroom window. Daniels threw a bag which contained individually wrapped rocks of cocaine base into the yard as the officers stationed at the rear of the building told her to freeze.

During the search of the bedroom closet, a pistol-grip Mossberg 12 gauge shotgun was discovered.[1] In their search of the residence, officers found a set of scales and nine-millimeter ammunition. The ammunition was located in three separate places in the residence. Seven hundred and two dollars in currency was found under the bed upon which Wilson was sitting at the time officers entered the bedroom.

Although the evidence of guilt was not overwhelming, and although the government's presentation of relevant evidence might have been more thorough, there is sufficient evidence for a rational factfinder to conclude that Wilson was guilty of both Counts 1 and 3.

---

1. At trial, Danny Tyrone Moss testified that the shotgun was his and that Wilson, his friend, was simply storing the weapon for him.

As to Count 1, the jury could rationally have concluded that the individually wrapped rocks of crack cocaine were possessed with the intent to distribute and that Wilson actually or constructively possessed the cocaine.

> A conviction for possession with the intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), may be supported by a finding of constructive possession by the jury. "Constructive possession may be found if a person knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found."

*Jones,* 49 F.3d at 632 (quoting *United States v. Coslet,* 987 F.2d 1493, 1495 (10th Cir. 1993)). As the government suggests, the jury could reasonably have believed that during the time it took officers to reach the bedroom during their execution of the search warrant, Daniels and Wilson, endeavored, albeit unsuccessfully, to dispose of incriminating evidence—Daniels attempted to discard the cocaine base while Wilson simultaneously attempted to unload the weapon.

Having concluded that there is sufficient evidence to sustain Wilson's conviction as to Count 1, the court must consider whether there was sufficient evidence to conclude that Wilson used the Ruger pistol during and in relation to Count 1.

> Under 18 U.S.C. § 924(c), the government may prove defendants either used or carried the firearm. The use requirement is satisfied if defendants had "ready access" to the firearm and it was an "integral part" of their drug trafficking. *United States v. Ross,* 920 F.2d 1530, 1536 (10th Cir.1990). This court has held that the requirement was met when a gun was kept at home where drugs were distributed. *United States v. Williams,* 923 F.2d 1397, 1402–03 (10th Cir.1990), *cert. denied,* 500 U.S. 925, 111 S.Ct. 2033, 114 L.Ed.2d 118 (1991). Similarly, in a case where a defendant was arrested in his car with drugs and other indications of drug selling nearby and a gun was found underneath the driver's seat where he sat, we held the government established use.

*Jones,* 49 F.3d at 631–632. In this case, there was ample evidence that Wilson had ready access to the Ruger and that the Ruger, sitting at his feet, was an integral part of his trafficking of cocaine base. Officers testified that the Ruger was a weapon suitable for protecting a drug trafficking operation.

Wilson's convictions are not merely based upon inferences piled upon inferences. Instead, the jury's verdict is based upon a logical and permissible interpretation of the evidence admitted during trial. Consequently, Wilson's motion for judgment of acquittal is denied.

2. Motion for release of defendant pending sentence (Dk. 49).

After the jury returned its verdict, the court denied Wilson's oral request for release pending sentence based upon its finding that there was no substantial likelihood that a motion for acquittal or new trial would be granted. However, the court invited Wilson to file a renewed motion which augmented his arguments regarding his likelihood of success in a motion for acquittal or new trial.

Because Wilson was convicted of a drug trafficking offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, he is subject to the mandatory detention provisions of the Bail Reform Act. *See United States v. Jones,* 979 F.2d 804, 805 (10th Cir.1992); 18 U.S.C. §§ 3142(f)(1)(C); 21 U.S.C. § 841(b)(1)(B). Under 18 U.S.C. § 3143(a)(2),

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not

likely to flee or pose a danger to any other person or the community.

See *Jones*, 979 F.2d at 805.

Although Wilson has apparently abided by the terms and conditions of release prior to trial, in light of the court's ruling on the his motion for judgment of acquittal, the court is compelled to deny Wilson's request for release pending sentencing.[2] *See United States v. McAllister*, 974 F.2d 291 (2nd Cir. 1992).

IT IS THEREFORE ORDERED that Wilson's Motion for judgment of acquittal (Dk. 47) is denied.

IT IS FURTHER ORDERED that Wilson's Motion for release of defendant pending sentence (Dk. 49) is denied.

---

**2.** Wilson *does not* argue that his release pending sentence is appropriate under 18 U.S.C. § 3145(c). *See Jones*, 979 F.2d at 807 ("We join [the Second, Fifth and Seventh] circuits and hold that a district court may consider whether exceptional reasons exists to a release a defendant [pending sentencing or appeal] under § 3145(c).").