**UNITED STATES of America, Plaintiff,**

**v.**

**Vinol Scott WILSON, Defendant.**

**No. 95–40052–01–SAC.**

United States District Court,
D. Kansas.

Jan. 10, 1996.

---

Charles D. Dedmon, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for defendant.

Randy M. Hendershot, Office of United States Attorney, Topeka, KS, for U.S.

**MEMORANDUM AND ORDER**

CROW, District Judge.

On October 23, 1995, trial in this criminal matter commenced. On October 24, 1995, the parties rested. On October 26, 1995, the jury returned a verdict finding Vinol Scott Wilson guilty on Count 1 of the indictment, possession with intent to distribute cocaine base, and guilty of Count 3, use of a firearm, namely a 9mm. cal. Ruger semi-automatic pistol, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Wilson was acquitted on Count 2, use of a Mossberg 12 gauge shotgun during and in relation to a drug trafficking crime.

The jury instruction[1] setting forth the essential elements of the § 924(c)(1) charge was based upon the Tenth Circuit's then-existing interpretation of the word "use" as found in the statute.

"Use" under § 924(c) has been interpreted broadly by the courts, including the Tenth Circuit. In defining "use," the courts have concluded that there is no requirement that (1) the defendant brandish, display or discharge the firearm, *e.g., United States v. Meggett*, 875 F.2d 24, 29 (2d Cir.), *cert. denied,* 493 U.S. 858, 110 S.Ct. 166, 107 L.Ed.2d 123 (1989); (2) the defendant have actual possession of either the firearm or the drugs, *e.g., United States v. Matra,* 841 F.2d 837, 842 (8th Cir.1988); (3) the firearm be loaded, *e.g., United States v. Martinez,* 912 F.2d 419, 420–21 (10th Cir.1990); (4) a drug transaction have occurred at the place where the drugs are found, *e.g., United States v. Hadfield,* 918 F.2d 987, 997 (1st Cir.1990), *cert. denied,* 500 U.S. 936, 111 S.Ct. 2062,

1. In pertinent part, Instruction No. 12 stated:

You are instructed that the elements of this crime are as follows:

First: That the defendant, Vinol Scott Wilson, committed the crime alleged in Count One of the indictment.

Second: That on or about the 3rd day of November, 1994, in the District of Kansas, Vinol Scott Wilson knowingly used the firearm charged in the count during and in relation to the commission of the crime alleged in Count One of the indictment.

The term "use" as used in this instruction means the defendant has ready access to or possesses the firearm, the firearm was an integral part of his criminal undertaking, and the availability of the firearm increased the likelihood that this criminal undertaking would succeed. A firearm may be an integral part of a criminal undertaking if it provides a means of protecting a drug operation and intimidating those encountered in the course of drug transactions. A defendant may "use" a firearm without owning, firing, brandishing, or displaying it.

If you find that the presence of the firearm was accidental or coincidental, you must find the defendant not guilty. . . .

114 L.Ed.2d 466 (1991); or (5) the sole purpose of the firearm was to protect the drug operation, *e.g., United States v. Payero,* 888 F.2d 928, 929 (1st Cir.1989). While each of these circumstances may have some evidentiary significance, they do not have controlling effect. The Tenth Circuit, in accordance with most of the other circuits, has concluded that "use" under § 924(c) is established when the defendant has ready access to the firearm and the firearm was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed. *United States v. McKinnell,* 888 F.2d 669, 674–75 (10th Cir. 1989). "The 'ready access' element requires evidence the firearm was available to the defendant in the vicinity where the drug trafficking offense took place." *[United States v.] Parrish,* 925 F.2d [1293] at 1297 [10th Cir.1991].

*United States v. Hager,* 969 F.2d 883, 888–889 (10th Cir.); *cert. denied,* 506 U.S. 964, 113 S.Ct. 437, 121 L.Ed.2d 357 (1992).

On November 22, 1995, this court entered a memorandum and order denying Wilson's "Motion for judgment of acquittal" (Dk. 47) and his "Motion for release of defendant pending sentence" (Dk. 49), 913 F.Supp. 1446. The following is the court's summary of the evidence introduced at trial as viewed in the light most favorable to the government:

> On November 3, 1994, law enforcement officers executed a search warrant at 1735 S.W. Clay. The property was jointly leased by Wilson and Laccia Daniels. Officers entering the front of the residence eventually made their way to the bedroom. Sitting on the bed was Wilson. On the bed at his feet was a 9mm. cal. Ruger semi-automatic pistol. A clip and some nine-millimeter ammunition were on the bed around the gun; a live round was in the chamber of the weapon. Wilson did not move for the weapon as the police entered the bedroom.
>
> At approximately the same time officers entered the front of the residence, officers guarding the rear of the building observed Laccia Daniels attempting to escape through the bedroom window. Daniels threw a bag which contained individually wrapped rocks of cocaine base into the yard as the officers stationed at the rear of the building told her to freeze.
>
> During the search of the bedroom closet, a pistol-grip Mossberg 12 gauge shotgun was discovered. In their search of the residence, officers found a set of scales and nine-millimeter ammunition. The ammunition was located in three separate places in the residence. Seven hundred and two dollars in currency was found under the bed upon which Wilson was sitting at the time officers entered the bedroom.

*Wilson,* 913 F.Supp. at 1448 (footnote omitted). Based upon this evidence, the court found sufficient direct and circumstantial evidence to support the jury's verdict finding Wilson guilty of possession with intent to distribute and use of the Ruger pistol during and in relation to that drug trafficking crime:

> As the government suggests, the jury could reasonably have believed that during the time it took officers to reach the bedroom during their execution of the search warrant, Daniels and Wilson, endeavored, albeit unsuccessfully, to dispose of incriminating evidence—Daniels attempted to discard the cocaine base while Wilson simultaneously attempted to unload the weapon.

*Wilson,* 913 F.Supp. at 1449.

> In this case, there was ample evidence that Wilson had ready access to the Ruger and that the Ruger, sitting at his feet, was an integral part of his trafficking of cocaine base. Officers testified that the Ruger was a weapon suitable for protecting a drug trafficking operation.

*Wilson,* 913 F.Supp. at 1449.

■ On December 6, 1995, the Supreme Court issued its decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey,* the Supreme Court defined the word "use" found in

§ 924(c)(1) in a manner substantially more narrow than the Tenth Circuit had previously construed the term. In *Bailey*, the Supreme Court held that " 'use' must connote more than mere possession of a firearm by a person who commits a drug offense." —— U.S. at ——, 116 S.Ct. at 506.

> [T]he inert presence of a firearm, without more, is not enough to trigger § 924(c)(1). Perhaps the nonactive nature or this asserted "use" is clearer if a synonym is used: storage. A defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds. Storage of a firearm, without its more active employment, is not reasonably distinguishable from possession.

—— U.S. at ——, 116 S.Ct. at 508.

> [t]he language of § 924(c)(1), supported by its history and context, compels the conclusion that Congress intended "use" in the active sense of "to avail oneself of." To sustain a conviction under the "use" prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime.

—— U.S. at ——, 116 S.Ct. at 509.

> Under the interpretation we enunciate today, a firearm can be used without being carried, *e.g.,* when an offender has a gun on display during a transaction, or barters with a firearm without handling it; and a firearm can be carried without being used, *e.g.,* when an offender keeps a gun hidden in his clothing throughout a drug transaction.

—— U.S. at ——, 116 S.Ct. at 507.

This case comes before the court upon Wilson's "Motion for rehearing of motion for judgment of acquittal" (Dk. 55). Based upon the Supreme Court's clarification of the term "use" in *Bailey*, Wilson contends that there is insufficient evidence to support his conviction for "using" the Ruger pistol during and in relation to Count 1. In the alternative, Wilson requests a new trial on Count 3 of the indictment based upon the definition of the word "use" found in jury instruction number 12.

The government responds, opposing Wilson's renewed motion for judgment of acquittal. The government contends that the direct and circumstantial evidence is sufficient to support a conviction on Count 3 under the standard announced in *Bailey*. The government's response is silent as to Wilson's alternative request for a new trial.

### Motion for Judgment of Acquittal

■ To review the sufficiency of the evidence supporting a criminal conviction, the court must examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Miller,* 987 F.2d 1462, 1464 (10th Cir.1993). In reviewing the sufficiency of the evidence, the court must consider both direct and circumstantial evidence, as well as reasonable inferences to be drawn from that evidence. *United States v. Davis,* 1 F.3d 1014, 1017 (10th Cir.1993) (citing *United States v. Fox,* 902 F.2d 1508, 1513 (10th Cir.), *cert. denied,* 498 U.S. 874, 111 S.Ct. 199, 112 L.Ed.2d 161 (1990)).

In analyzing this issue, the court is guided not only by the Supreme Court's decision in *Bailey*, but also by the Tenth Circuit's recent decision in *United States v. Wacker,*[2] 72 F.3d 1453 (10th Cir.1995), reversing convictions of three counts in which defendants' were charged with using a firearm during and in relation to a drug trafficking crime and remanding for a new trial only on one of the counts to determine whether the defendants used a codefendant's firearm during and in relation to a drug trafficking offense within the meaning of 18 U.S.C. § 924(c).

### Analysis

■ Based upon the evidence presented at trial, a rational factfinder could conclude that Wilson "used" the Ruger within the Supreme Court's definition of the term as found in § 924(c)(1). The court does not believe that *Bailey* stands for the proposition

---

**2.** This court sat as the trial court in *Wacker*. The jury instruction given in *Wacker* regarding the definition of the word "use" regarding the

§ 924(c)(1) counts is substantially similar to the instruction given in the case at bar.

there must be direct evidence of "use" of a firearm to sustain a conviction under § 924(c)(1). Instead, a jury may consider both direct and circumstantial evidence in determining whether a defendant "used" a firearm during and in relation to a drug trafficking crime. The court finds that under the facts of this case there was sufficient evidence, both direct and circumstantial, for a rational factfinder to conclude that Wilson actively employed the Ruger during and in relation to Count 1. Wilson's motion for judgment of acquittal is denied.

### Request for New Trial

 The Supreme Court's decision in *Bailey*, as well as the Tenth Circuit's decision in *Wacker*, compels the conclusion that Wilson is entitled to a new trial on Count 3. As noted above, the instruction given by this court in *Wacker* regarding § 924(c)(1) is substantially similar to the instruction given in *Wilson*. Therefore, the jury was improperly instructed regarding the definition of the word "use" and that error was potentially prejudicial to Wilson. Consequently, Wilson's conviction on Count 3 is set aside. Following the issuance of this order, the court will contact counsel to arrange a conference to (1) discuss the status of this case, *i.e.*, whether the government intends to retry Wilson on Count 3, and (2) determine the appropriate time for setting this remaining count for retrial.[3]

IT IS THEREFORE ORDERED that Wilson's "Motion for rehearing of motion for judgment of acquittal" (Dk. 55) is granted in part and denied in part. Wilson's renewed motion for judgment of acquittal is denied. Wilson's alternative request for a new trial on Count 3 is granted. Wilson's conviction on Count 3 is vacated and a new trial on Count 3 will be set after the court has conferred with counsel.

---

3. Although not argued by Wilson, the court simply notes that a second trial on Count 3 is not barred by double jeopardy. *See United States v. Wacker*, 72 F.3d 1453, 1464–66 (10th Cir.1995).