89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Michael David BULLOCK; George Dean Young; Ben Jessie
Mullins, Jr.; Doyd Daniels, Defendants-Appellees.
 No. 96-5632.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1996.
 
 Before: BROWN, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The government appeals the district court's refusal to detain defendants pending sentencing, which is scheduled for August 5, 1996. Defendants have filed briefs in response.
 
 
 2
 Following a jury trial, defendants were found guilty of conspiracy to distribute and possess with intent to distribute cocaine, and other drug trafficking crimes. Defendants are, therefore, subject to the mandatory detention provision contained in 18 U.S.C. § 3143(a)(2). That statute provides that a defendant shall be detained pending sentence unless
 
 
 3
 (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
 
 
 4
 (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
 
 
 5
 (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.
 
 
 6
 In denying the government's motion for detention pending sentence, the district court failed to make any findings with respect to the two conditions set forth in § 3143(a)(2). Absent such findings, the release of defendants on bond is inappropriate. See United States v. Irvin, 2 F.3d 72, 73 n. 1 (4th Cir.1993), cert. denied, 114 S.Ct. 1086 (1994) ("As the use of the word 'and' in § 3143(a)(2) indicates, both subsections (A) and (B) must be satisfied in order to grant release pending sentencing"); United States v. Bloomer, 967 F.2d 761, 762 (2d Cir.1992) (a defendant "shall be detained unless two conditions are met"); United States v. McAllister, 974 F.2d 291, 292 (2d Cir.1992).
 
 
 7
 Defendants Bullock and Young claim to be the victims of disparate treatment because the government failed to move for the detention of three codefendants who cooperated with the government. However, they do not assert disparate treatment based on a suspect class and have not demonstrated that they are being penalized for the exercise of their constitutional rights. Defendants are subject to the mandatory detention provision of § 3143(a) and have not demonstrated an entitlement to release. The release or detention of codefendants is not a factor to be considered by the court. See United States v. Cantu, 935 F.2d 950, 952 (8th Cir.1991) (per curiam).
 
 
 8
 It therefore is ORDERED that the district court's order is reversed and the case is remanded with instructions to grant the government's motion for detention.